IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON MULVEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-213-E-BN |
| | § | |
| VERTAFORE, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from United States District Judge Ada Brown. *See* Dkt. No. 31.

Defendant Vertafore, Inc. has filed a motion to transfer this action to the United States District Court for the Southern District of Texas under the first-to-file doctrine. *See* Dkt. No. 19. Plaintiff Aaron Mulvey has filed an opposition in response to the motion, *see* Dkt. No. 20, and Vertafore has filed a reply, *see* Dkt. No. 21.

A magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Accord Franco v. Mabe Trucking Co., Inc.*, No. 19-30316, 2021 WL 2849971, at *2-*6 (5th Cir. July 8, 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631, but labeled by judge as 28 U.S.C. § 1406(a), to another district for want of personal jurisdiction).

For the reasons explained below, the Court grants Vertafore's motion to transfer [Dkt. No. 19] under the first-to-file doctrine and transfers this case to the United States District Court for the Southern District of Texas.

## Background

Vertafore is an insurance software provider that, as part of its services, accesses and stores personal information of Texas drivers. *See id.* at 6 (citing Dkt. No. 16 ¶¶ 12, 16). Mulvey "is a licensed and registered driver in the State of Texas," whose "motor vehicle records were obtained by [Vertafore]." Dkt. No. 16 ¶ 3.

In addition to this case, Vertafore's motion involves two other class action lawsuits filed against it in other courts.

The first was filed on December 4, 2020 by Derek Allen, Leandre Bishop, and John Burns in the United States District Court for the Southern District of Texas. *See* Dkt. No. 19 at 6. That case, *Allen v. Vertafore, Inc.*, No. 4:20-cv-4139 (S.D. Tex.), is ongoing.

The *Allen* plaintiffs raise a single cause of action under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et seq.*, claiming that Vertafore disclosed the personal information of over 27.7 million Texas driver's license holders during a November 2020 data breach. *See* Dkt. No. 19-1, Ex. A ¶¶ 26-33. The *Allen* class is defined as:

> All persons whose Texas driver's license information was stored by Vertafore on an unsecured external storage service online and accessed without authorization.

*Id.* ¶ 18.

On January 29, 2021, Vertafore moved to dismiss the *Allen* complaint for lack of standing and failure to state a claim. *See Allen*, No. 4:20-cv-4139, Dkt. No. 38. And, on June 14, 2021, Magistrate Judge Andrew M. Edison recommended that the *Allen* plaintiffs have standing, but that their complaint should be dismissed for failure to state a claim. *See id.*, Dkt. No. 55. A ruling on that recommendation is still pending.

The second suit was filed by Conner Masciotra on December 8, 2020 in the United States District Court for the District of Colorado. *See* Dkt. No. 19 at 7. In that class action, *Masciotra v. Vertafore Inc.*, No. 1:20-cv-3603 (D. Colorado), Masciotra brought a single claim for violation of the DPPA based on the same November data breach alleged in *Allen*. *See Masciotra*, No. 1:20-cv-3603, Dkt. No. 14. The *Masciotra* class was defined as:

> All individuals in the United States whose personal information was compromised in the Data Breach made public by Vertafore on November 10, 2020.

*Id.* ¶ 50.

Vertafore moved to transfer the *Masciotra* action under the first-to-file rule, arguing that there was substantial overlap between *Masciotra* and *Allen*. *See id.*, Dkt. No. 20. And on April 30, 2020, the Colorado District Court granted Vertafore's motion, transferred the case to the Southern District of Texas, and closed the *Masciotra* file. *See id.*, Dkt. No. 36.

On January 31, 2021, Aaron Mulvey filed this class action. *See* Dkt. No. 1. In his original complaint, Mulvey brought a single claim under the DPPA based

primarily on the same November data breach alleged in the *Allen* and *Masciotra* cases. *See id.*

Then, on March 16, 2021, Mulvey filed his First Amended Complaint. *See* Dkt. No. 16. In the FAC, Mulvey brings a single claim under the DPPA, but he removed all references to the November data breach. *See generally id.* The DPPA claim is now based on allegations that Vertafore illegally obtained and disclosed the personal information of Texas driver's license holders that it has received from the Texas Department of Motor Vehicles since 2015. *See id.* ¶¶ 52-53.

The *Mulvey* Class is defined as:

> All natural persons nationwide who, on or after, four (4) years prior to the date of this filed complaint, through the final disposition of this or any related actions (the Nationwide "Class Period"), had Defendant Vertafore obtain, use, and re-disclose, without authorization, their motor vehicle records from the Texas Department of Motor Vehicles, and seek liquidated damages in the amount of $2500 each, pursuant to 18 U.S.C. § 2724(b)(1) *et seq*.

*Id.* ¶ 33.

On March 26, 2021, Vertafore filed the motion to transfer now before the Court. *See* Dkt. No. 19. A month later, Vertafore filed a motion to stay these proceedings pending the resolution of the motion to transfer. *See* Dkt. No. 22. Mulvey then filed a motion for class certification the next day. *See* Dkt. No. 23.

On May 7, 2021, the Court granted Vertafore's motion to stay pending resolution of this motion. *See* Dkt. No. 28.

And on July 13, 2021, Mulvey filed an expedited motion for relief from the stay, asking the Court to allow him to file a second amended complaint. *See* Dkt. No. 30.

## Legal Standard

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "The first-to-file rule is a discretionary doctrine" that "rests on principles of comity and sound judicial administration," animated by the concern "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* (internal quotation marks omitted).

According to this well-settled rule, typically, if the instant case pending before the Court and an earlier-filed case pending in another federal court "overlap on the substantive issues, the cases [should] be ... consolidated in ... the jurisdiction first seized of the issues." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (internal quotation marks omitted). That is because "[t]he Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed," and, "[t]herefore, the 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Id.* at 920 (internal quotation marks omitted). "Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to the [second filed court] to resolve the question of whether both

should be allowed to proceed." *Cadle*, 174 F.3d at 605 (internal quotation marks omitted).

"The rule does not, however, require that cases be identical"; rather, regardless of whether the issues or parties in the cases are identical, "[t]he crucial inquiry is one of 'substantial overlap,'" and, if the cases "overlap on the substantive issues, the cases [are] required to be consolidated in ... the jurisdiction first seized of the issues." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (internal quotation marks omitted); *see also id.* at 951 ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action.").

If this Court finds that the issues in the two case might substantially overlap, "the proper course of action [is] for the court to transfer the case to the [Southern Texas] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle*, 174 F.3d at 606.

## Analysis

After reviewing the *Allen* and *Mulvey* complaints, the parties' arguments, and the law, the Court finds that there is substantive overlap between the two suits. Because *Allen* was filed first, the Court will transfer the action to the Southern District of Texas.

There is substantial overlap over the parties and substantive issues in *Mulvey* and *Allen*. The proposed classes are overlapping – both include Texas drivers whose information Vertafore obtained and disclosed. And plaintiffs in both actions name the same defendant – Vertafore. Further, only one statute – the DPPA – is involved in

both cases. And, although the events that allegedly caused the DPPA violations are not identical, the personal information obtained and disclosed is also the same – both actions involve Texas driver's license holders' information from the Texas Department of Motor Vehicles.

These overlapping parties, claims, and facts means that whatever court hears these two cases will grapple with the same "core issues." *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). ("In deciding if a substantial overlap exists, this court has looked at factors such as whether 'the core issue ... was the same' or if 'much of the proof adduced ... would likely be identical.'"). The fundamental question will be whether Vertafore knowingly obtained, disclosed, or used the personal information it received from the Texas DMV for a purpose not permitted. *See* Dkt. No. 16 at 8 n.10, 22-23; Dkt. No. 19-1, Ex. A at 7-8. Deciding this will require a court to answer other threshold questions in both actions, such as whether the plaintiffs have standing to bring their claims under the DPPA, and whether Vertafore falls under an exception under the DPPA for insurance support organizations.

And, although the "overlap between two suits is less than complete," the Court finds that the other relevant factors, such "as the extent of overlap, the likelihood of conflict, [and] the comparative advantage and the interest of each forum in resolving the dispute," all favor transfer. *Sweet Little Mexico Corp.*, 665 F.3d at 678. As noted, the extent of the overlap here is substantial. And the potential for conflicting rulings is high, since Vertafore has already noted that it will raise many of the same

questions in both cases. And the Southern District of Texas has a greater interest and advantage than this Court in resolving these cases. Motion practice is underway in *Allen*, so the *Allen* court will have the benefit of those rulings and its experience with handling *Masciotra*, which was already transferred. Meanwhile, this action remains stayed and Vertafore has yet to answer the First Amended Complaint.

Mulvey's argument that *Allen* should not be considered the first-filed action lacks any merit. Mulvey asserts that, because this court obtained jurisdiction over a nation-wide class, while the *Allen* court obtained jurisdiction over only a nationwide sub-class, this action should be considered the first filed. *See* Dkt. No. 20 at 15-16. But, when determining which case is filed first, courts do not consider the substance of the claims or the descriptions of putative classes; the only question to answer is what action was filed before the other. *See RPost Holdings, Inc. v. Yesware, Inc.*, No. 2:13-cv-953-JRG, 2014 WL 12712410, at *2 (E.D. Tex. Sept. 4, 2014) ("This rule means precisely what it says: 'the first filed.'"). *Allen* was filed on December 4, 2020. This case was filed on January 31, 2021, nearly two months later. *Allen* is therefore the first-filed action.

And Mulvey's effort to cast these two cases as "fundamentally unrelated causes of action[]," Dkt. No. 20 at 9, fails to persuade. Mulvey is correct that the proposed classes in each cause of action cover different time periods and potentially different personal information. But the parties need not be identical for the rule to apply. *See Save Power*, 121 F.3d at 950–51. And, although Mulvey contends that the classes are "diametrically opposed groups," the Court agrees with Vertafore that, based on the

allegations, Mulvey is likely a member of the *Allen* class. "Being a potential member of putative class action in another court has been seen as a factor in invoking the first-to-file rule to preserve judicial economy." *Gonzalez v. Unitedhealth Grp., Inc.*, No. 6:19-cv-700-ADA, 2020 WL 2992174, at *3 (W.D. Tex. June 3, 2020).

Mulvey is also correct that the events leading to Vertafore's potential liability are not identical. Here, the DPPA claim arises from Vertafore's ongoing receipt and disclosure of personal information from the Texas DMV since 2015. In *Allen*, the DPPA claim arises from the disclosure of personal information from the Texas DMV during a data breach in November 2020. "While the claims asserted in each case may not arise out of the same transaction or occurrence, that is not the test for the first-to-file rule." *Integra Techs. Int'l, Inc. v. Durst Image Tech. US LLC*, No. A-09-CA-143-SS, 2009 WL 10669338, at *1 (W.D. Tex. Aug. 20, 2009) (quotations omitted). The test is whether there is substantial overlap, and the rule applies even when the issues are not identical. *Save Power*, 121 F.3d at 950–51.

As the second-filed court, the only question before it is whether there is likely substantial overlap. And, as noted above, the Court finds that it is likely there is. As such, "the proper course of action is for the court to transfer the case to the [Southern District of Texas]." *Cadle*, 174 F.3d at 606.

## Conclusion

For these reasons, the Court grants Vertafore's motion to transfer venue under the first-to-file rule [Dkt. No. 19] and orders that this action will be transferred to the United States District Court for the Southern District of Texas, Houston Division, on

August 6, 2021 to allow any party to file an objection to Judge Brown within 14 days after being served with a copy of this order. *See* FED. R. CIV. P. 72(a). If an objection is filed, the order of transfer is stayed pending further order of the Court. Because this action should be transferred, the Court need not consider Mulvey's motion for class certification or his request for leave to amend.

    SO ORDERED.

    DATED: July 22, 2021

    DAVID L. HORAN
    UNITED STATES MAGISTRATE JUDGE